**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

_____
                                        :
CLIFFORD WILLIAMS,                      :
                                        :
          Plaintiff,                    :
                                        :          Civil Action No. 06-5539 (JAG)
                   v.                   :
                                        :                 **OPINION**
NELSON RIVERA, et al.,                  :
                                        :
          Defendants.                   :
_____:


**GREENAWAY, JR., U.S.D.J.**

**INTRODUCTION**

Plaintiff Clifford Williams ("Plaintiff" or "Williams") has filed what is captioned as a

"Notice of Removal," pursuant to 28 U.S.C. § 1442(a)(1) ("§ 1442(a)(1)"),[1] along with

applications to proceed in forma pauperis and for pro bono counsel, pursuant to 28 U.S.C.

§ 1915(e)(1) ("§ 1915(e)(1)").  Plaintiff has attached a plethora of documentation to the instant

pleading, including quotations from federal statutes, cases, newspaper articles, and excerpts from

_____

[1] 28 U.S.C. § 1442(a)(1) provides, in pertinent part, that:

> A civil action or criminal prosecution commenced in a State court against any of the
> following may be removed by them to the district court of the United States for the
> district and division embracing the place wherein it is pending:
>      (1)     The United States or any agency thereof or any office (or any person acting
>      under that officer) of the United States or any agency thereof, sued in an official
>      or individual capacity for any act under color of such office or on account of any
>      right, title, or authority claimed under any Act of Congress for the apprehension of
>      punishment of criminals or the collection of the revenue.

1

his New York and Massachusetts criminal records, that make it difficult for this Court to identify clearly the claims Plaintiff intends to raise.  However, it appears that Plaintiff's intent is to remove a state action to this Court based on the theory that he is a government agent, working as an informant for the New York City Police Department.  Among the documents Plaintiff filed are records for proceedings in both New York and New Jersey state courts.[2]

The New York state case involved the criminal possession of a controlled substance. Plaintiff was found not guilty in 1991, thus terminating the case.  This case is not relevant to the present Notice of Removal.

The New Jersey state cases, which appear to be pending in the Bayonne Municipal Court and the West New York Municipal Court,[3] appear to concern Plaintiff's dispute with his landlord.[4]  As best as this Court can determine, the New Jersey cases that Plaintiff wishes to remove address a dispute with his landlord, Mr. Joong Kim.  According to Plaintiff's Application for Complaint filed in Bayonne Municipal Court,[5] and a Bayonne Police Department

---

[2]  Out of the over 150 pages of documentation Plaintiff provides, only three pages refer to state court proceedings pending in New Jersey.

[3]  Plaintiff's Application for Complaint in the Bayonne Municipal Court and multiple official Notices of Appearance issued by the West New York Municipal Court, in case nos. S-06-53, W-04-1449, and W-04-1448 are appended by Plaintiff to his Notice of Removal.

[4]  This Court notes that if the underlying case does involve a landlord-tenant dispute, then the case would have to be remanded due to a lack of federal subject matter jurisdiction.  See 28 U.S.C. § § 1330-1334.

[5]  Since the Application for Complaint lacks a docket number and other documents provided are unclear, there is insufficient information for this Court to identify the docket number of the case pending in the Bayonne Municipal Court.

Investigation Report, dated June 8, 2004,[6] Plaintiff alleges that Mr. Kim tampered with his mail, and threatened and attempted to physically assault Plaintiff.  While Plaintiff is the plaintiff in the Bayonne case, according to the official Notices of Appearance issued by the West New York Municipal Court, Plaintiff is the defendant in the case pending in West New York.[7]

For the reasons set forth below, this Court shall grant Plaintiff's application to proceed in forma pauperis, deny his application for pro bono counsel, and remand the cases to the appropriate Municipal Court in New Jersey.

## DISCUSSION

### I.    In forma pauperis application

Although Plaintiff, who is not incarcerated, applied for in forma pauperis status using the form designated for pro se prisoners, the information submitted demonstrates that he lacks sufficient financial resources to pre-pay the required fees; thus, he qualifies for pauper status, pursuant to 28 U.S.C. § 1915.[8]

### II.   Request for pro bono counsel

In evaluating Plaintiff's request for pro bono counsel, this Court must first determine, as a threshold matter, whether the plaintiff's claim has "some merit in fact and law."  See Parham v.

---

[6]  Plaintiff's Investigation Report is located on page 6 of document 1-4, available on the Court's electronic docket.

[7]  One of the Notices of Appearance submitted by Plaintiff appears to indicate that it concerns a case pending in Bayonne, although  the preprinted form is from the West New York Municipal Court.  As a result, Plaintiff's documents are unclear as to whether there are two separate cases pending in West New York in which Plaintiff is a defendant, in addition to the case in Bayonne, in which Plaintiff is the plaintiff.

[8]  Documents submitted by the Social Security Administration indicate that Plaintiff's monthly supplemental income payment is $ 446.31.  This payment is his only apparent source of income.

3

Johnson, 126 F.3d 454, 457 (3d Cir. 1997).  If the plaintiff's claim has arguable merit, the court should then consider the following factors: "(1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; (6) whether the plaintiff can attain and afford counsel on his own behalf."  Id. (citing Tabron v. Grace, 6 F.3d 147, 155-56, 157 n.5 (3d Cir. 1993)).  As stated by the Third Circuit, "the most significant of Tabron's post-threshold factors is the plaintiff's ability to present his or her case."  Montgomery v. Pinchak, 294 F.3d 492, 501 (3d Cir. 2002).

In the instant case, Plaintiff has provided insufficient information to allow this Court to determine whether his claim has arguable merit.  Even if this Court assumes that Plaintiff satisfies the threshold question and his case has arguable merit, this Court must address the remaining Tabron factors.

First, Plaintiff appears to be capable of presenting his own case.  He cites to, and relies on, 28 U.S.C. § 1442(a)(1), a specific statutory reference, not generally relied upon.  Second, Plaintiff's Notice of Removal suffers only from a procedural defect that is easily remedied.  In order for Plaintiff to proceed on his claim, he need only fulfill the procedural requirements established by 28 U.S.C. § 1446 and attach a complaint or any other pleading from the underlying state case to his Notice of Removal.

The Third Circuit has instructed that "where a plaintiff's case appears to have merit and most of the aforementioned [Tabron] factors have been met, courts should make every attempt to obtain counsel."  Parham v. Johnson, 126 F.3d at 461.  Given the ease with which Plaintiff can

correct the procedural deficiency in Plaintiff's Notice of Removal, and that Plaintiff has provided insufficient information to allow this Court to evaluate the remaining factors, Plaintiff's application for pro bono counsel will be denied at this time.

**III.**   **Notice of removal**

    **A.**   **Standard**

In order to remove a case from state court, a defendant must file a notice of removal containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon the defendant in the action.  28 U.S.C. § 1446 ("§ 1446").  The notice of removal must be filed in the district court of the United States for the district and division within which such action is pending.  Id.  The notice of removal must be filed within thirty days after the receipt by the defendant of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.  Id

    **B.**   **Plaintiff's Notice of Removal is Procedurally Deficient**.

As indicated above, 28 U.S.C. § 1446 clearly outlines the procedural requirements for removal, which all plaintiffs are expected to follow.  See Lewis v. Rego Co., 757 F.2d 66, 68 (3d Cir. 1985) (where court determined that removal is a statutory right, and the procedures to effect removal must be followed).  Courts have recognized that certain procedural defects under § 1446 can be fundamentally detrimental to a petitioner's notice of removal.  See, e.g., Efford v. Milam, 368 F. Supp. 2d 380, 386 (E.D. Pa. 2005) (where plaintiff's motion to remand was granted because defendants' notice of removal was filed well beyond the statutorily designated thirty day

5

period).

1.      Bayonne Municipal Case

Plaintiff's Notice of Removal regarding the case filed in the Bayonne Municipal Court is procedurally defective.  Under both § 1442 and § 1446, only the defendant in a civil or criminal proceeding is authorized to seek removal from state to federal court.  In this case, Williams is the plaintiff and, thus, is not the appropriate party to move for removal to federal district court. Therefore, this case will be remanded to the Bayonne Municipal Court.

2.      West New York Municipal Case

Plaintiff's Notice of Removal regarding the case filed in the West New York Municipal Court also fails to satisfy the procedural requirements of § 1446.  Although Plaintiff is the defendant named in the suit, Plaintiff failed to attach a complaint or any other pleading to his Notice of Removal, as required by § 1446.[9]  Therefore, this case will be remanded to the West New York Municipal Court.

## <u>CONCLUSION</u>

For the reasons set forth in this Opinion, this Court shall grant Plaintiff's application to proceed <u>in forma pauperis</u>, deny his application for pro bono counsel, and remand the case to the appropriate New Jersey state courts.


Dated: February 22, 2007

 S/Joseph A. Greenaway, Jr.                        
JOSEPH A. GREENAWAY, JR., U.S.D.J.

---

[9]  If there is in fact a second case pending in West New York in which Williams is the defendant, that case suffers from the same procedural defect and will also be remanded.